**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, as subrogee of Thomas & Sanna Skelton,<br><br>Plaintiff,<br><br>v.<br><br>AGCO CORPORATION, CALIX AB, and HOVEN EQUIPMENT COMPANY,<br><br>Defendants. | **CV-23-04-GF-BMM**<br><br><br><br>**ORDER** |

**INTRODUCTION**

Defendant Calix AB ("Calix") filed a motion to dismiss for lack of jurisdiction on February 20, 2024. (Doc. 16.) Plaintiff Ohio Security Insurance Company ("Ohio Security") opposes Calix's motion. (Doc. 19) Ohio Security filed a motion, in the alternative, to conduct jurisdictional discovery as to Calix on March 12, 2024. (Doc. 20.) Calix opposes Ohio Security's motion. (Doc. 27 at 11-12.) The Court conducted a motion hearing on April 30, 2024. (Doc. 45.)

1

## FACTUAL AND LEGAL BACKGROUND

This action concerns a fire allegedly caused by a tractor owned by Thomas and Sanna Skelton (collectively "the Skeltons") in Geyser, Montana. (Doc. 1 at 1.) Ohio Security issued an insurance policy to the Skeltons that provided coverage to the Skeltons for damage to their real and personal property. (*Id.* at 2.) A fire started on the Skeltons' real property on February 3, 2021. (*Id.* at 5.) The fire allegedly began in a tractor owned by the Skeltons. (*Id.*) The fire caused total loss of an outbuilding, bale processor, and the Skeltons' residence. (*Id.* at 5-6.)

Ohio Security alleges that the tractor's block heater suffered an overheating or electrical arcing event that caused ignition of combustible materials within the tractor. (*Id.* at 5.) AGCO Corporation ("AGCO") manufactured the tractor. (*Id.* at 4; Doc. 6, ¶ 13.) Hoven Equipment Company ("Hoven Equipment") sold the tractor to the Skeltons. (Doc. 1 at 5; Doc. 8, ¶ 17.) Ohio Security alleges that Calix manufactured the block heater at issue. (Doc. 1 at 4-5.)

Ohio Security alleges the following claims: (1) strict product liability against Hoven Equipment, AGCO, and Calix; (2) breach of warranty against AGCO, Calix, and Hoven Equipment; (3) negligent manufacture against AGCO and Calix; and (4) negligent failure to warn against AGCO, Calix, and Hoven Equipment. (*Id.* at 7-27.)

## LEGAL STANDARD

A district court retains discretion to permit or deny jurisdictional discovery. *See Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008). Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). A mere "'hunch that [discovery] might yield jurisdictionally relevant facts,' [] or 'bare allegations in the face of specific denials,' [], are insufficient reasons for a court to grant jurisdictional discovery." *Id.* at 864-65 (citations and quotations omitted).

A plaintiff bears the burden of making a preliminary showing of jurisdiction to justify discovery, which proves to be a lower burden than the prima facie showing of jurisdiction required to survive a motion to dismiss. *See Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009) (collecting cases). A plaintiff "must specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction." *First Nat 7 Bank v. Estate of Carlson*, 448 F. Supp. 3d 1091, 1108 (D. Mont. 2020).

## DISCUSSION

Ohio Security seeks leave to conduct jurisdictional discovery concerning Calix. (*See* Doc. 21.) The Court agrees that jurisdictional discovery proves warranted. The facts alleged by Ohio Security indicate that Calix designed and manufactured a block heater, which was subsequently placed into a tractor designed and manufactured by AGCO. (Doc. 1 at 5) Ohio Security claims that the block heater in the tractor malfunctioned, thereby resulting in a fire and causing substantial damage to the Skeltons' Montana property. (*Id.*) These alleged facts demonstrate a connection between Calix and Montana *vis a vie* the block heater.

Calix asserts that jurisdictional discovery does not prove warranted because Ohio Security has not made a prima facie showing of jurisdiction. (*See* Doc. 27 at 11-12.) Calix's argument proves unpersuasive. Courts in the Ninth Circuit routinely have permitted jurisdictional discovery where a plaintiff has established a "colorable basis" for personal jurisdiction that amounts to "something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Mazal Grp. LLC v. Yousef*, No. 223CV03278FWSAGR, 2024 WL 1641821, at *5 (C.D. Cal. Mar. 1, 2024) (quoting *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)). Ohio Security's claims regarding the block heater designed and manufactured by Calix malfunctioning and causing a destructive fire in Montana

amount to a colorable basis for personal jurisdiction, and, therefore, rise to the requisite showing.

Ohio Security seeks jurisdictional discovery concerning "the assertions made in the declaration of Fredrik Sjöström, the precise agreement(s) between AGCO and Calix, the relationship between AGCO and Calix, Calix's marketing and advertising, Calix's contacts with and in the United States, including Montana," amongst other jurisdictional questions. (Doc. 21 at 2.) Calix's affidavit of Fredrik Sjöström, the Sales and Marketing Director of Calix AB, do not fully answer or rebut these questions posed by Ohio Security. (*See* Doc. 17-1.) The Court, exercising its discretion, determines that jurisdictional discovery proves warranted.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Ohio Security's motion for discovery on jurisdiction as to Calix AB (Doc. 20) is **GRANTED**.

2. Calix's motion to dismiss for lack of jurisdiction (Doc. 16) is **DENIED** without prejudice. Calix may refile its motion to dismiss after the completion of jurisdictional discovery.

3. The parties are ordered to meet and confer to determine how jurisdictional discovery shall proceed.

DATED this 30th day of May 2024.

_____

Brian Morris, Chief District Judge
United States District Court